UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES OF THE PAINTERS
UNION DEPOSIT FUND, a Voluntary
unincorporated trust,

       Plaintiff,

vs.                                                                                          CASE NO.
                                                                                             HON.
L.V. PAINTING & CONTRACTING, INC, and
MICHAEL J. SCOTT,

       Defendants.
_____
FINKEL, WHITEFIELD, SELIK,
RICHARD M. SELIK (P24276)
MARK MERLANTI (P35804)
Attorneys for Plaintiff
32300 Northwestern Highway, Suite 200
Farmington Hills, MI 48334-1567
248/855-6500
_____

## **COMPLAINT**

Plaintiff, by and through its attorneys, FINKEL WHITEFIELD SELIK, complains against Defendants as follows:

1. Plaintiff is a voluntary, unincorporated trust, having its principal place of business in Southfield, Oakland County, Michigan.

2. Defendant, L.V. Painting & Contracting, LLC ("L.V. Painting") a Michigan limited liability company with its principal place of business in the Ray Township, Macomb County, Michigan and is an employer in an industry affecting commerce within the meaning of Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. 185 (hereinafter "the Act").

1

3. Defendant, Michael J. Scott ("Scott") is an individual who, upon information and belief, resides in the Macomb County, Michigan. At all times relevant hereto, Defendant Scott was an officer of Defendant L.V. Painting.

4. Jurisdiction of this Court is predicated on Section 301 of the Act, this being a suit for violation of a contract between an employer and labor organization representing employees in an industry affecting interstate commerce.

5. Jurisdiction of this Court is further predicated on Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. 1132, 1145 (hereinafter "ERISA"), this being a civil suit on behalf of named fiduciaries to enforce Defendants' obligations under the terms and conditions of a certain collective bargaining agreement and pension and employee benefit plan documents, and to enjoin certain acts and practices of Defendants which violate the terms and conditions thereof.

6. On March 4, 2015, L.V. Painting entered into a collective bargaining agreement with Painters District Council No. 22 of the International Brotherhood of Painters and Allied Trades (AFL-CIO), hereinafter "the Painters Union." A copy of the collective bargaining agreement is attached as Exhibit A.

7. Under the collective bargaining agreement, Defendants became obligated to make periodic payments to Plaintiff for various employee benefit funds established under the collective bargaining agreements. These payments represented a portion of wages earned by the employees of Defendant L.V. Painting who are members of the Painters Union, and who work within the jurisdiction of the Painters Union.

8. Pursuant to the above-referenced collective bargaining agreements, Plaintiff is a collection fund created to coordinate the activities of the various employee benefit funds on behalf of the Painters Union, including, but not limited to the collection of

contributions thereto and the prosecution of delinquencies.  Plaintiff is a third-party beneficiary of the collective bargaining agreement.

9. The collective bargaining agreement and employee benefit fund trust agreement, adopted by reference therein, require Defendant L.V. Painting to submit monthly reports which indicate the amount of contributions that said Defendant L.V. Painting is obligated to pay, and further requires that all payments to the various fringe benefit funds be made on a timely basis.  Said agreement further provides for the assessment of liquidated damages in the event payment is not made on a timely basis.

10. The collective bargaining agreements authorize the Plaintiff to make regular audits of the Defendant L.V. Painting 's payroll records to ascertain whether it has fully complied with its obligation to pay fringe benefit contributions.

11. Defendants have violated the terms of the collective bargaining agreement with the Painters Union and the various trust agreements incorporated therein by reference, by failing to report and make payments of the periodic fringe benefit contributions that Defendants were obligated to pay to Plaintiff for the period of June 2015 through August 2015.

12. The total amount of fringe benefit contributions owed to Plaintiff by Defendant L.V. Painting for the above-stated period is not currently known and cannot be determined as said Defendant has failed to submit the required monthly reports. Plaintiff requires an audit to determine the correct amount of contributions due and owing.  In addition, Defendants may be liable for liquidated damages, representing an amount equal to 20% of the delinquent fringe benefit contributions pursuant to Article XVIII, Section 3 of the collective bargaining agreement.

13. The Plaintiff conducted payroll audits of the records of Defendant L.V. Painting for the periods of August 26, 2011 through March 31, 2014 and April 1, 2014 through March 31, 2015, which resulted in the determination that Defendant L.V. Painting had failed to report 186 hours and 520 hours for the two audit periods respectively, resulting in premiums and liquidated damaged owing by Defendants to Plaintiff in the amounts of $3,696.19 and $10,936.80 respectively, all as more fully set forth on Plaintiff's Debit Memos and transmittal correspondence, dated November 18, 2014 and June 17, 2015, attached hereto and incorporated herein by reference as Exhibits B and C.

14. Defendants failed to pay Plaintiff the amounts stated in paragraph 13.

15. The Defendants have failed and refused to pay these sums and otherwise comply with the provisions of the collective bargaining agreement, relating to the payment of fringe benefit contributions.

16. Defendants have further acted in concert to breach the obligations of the business entity to pay contributions to the Funds and to divert money paid to Defendants to be held in trust for the Funds.

17. Defendants' persistent flaunting of the contractual and statutory obligations to submit contribution reports and pay contributions in a timely manner constitutes willful dereliction of Defendants' obligations.  Such dereliction has caused and will continue to cause irreparable injury to the participants and beneficiaries of the Funds, through jeopardizing their rights to benefits necessary to their health and well-being to which those beneficiaries are entitled.

18. The actions of Defendants described above threaten and continue to threaten the financial integrity of the Funds and impair their capacity to formulate funding standards, as well as cause the Funds to lose the monetary benefit of investment income

2:15-cv-13705-NGE-MJH   Doc # 1   Filed 10/20/15   Pg 5 of 8   Pg ID 5

which could be realized if Defendant's fringe benefit contributions were remitted in a timely fashion.

19. The actions of Defendants described above constitute actual threats of irreparable injury to the Funds and their participants and beneficiaries for which there is no adequate remedy at law, and public policy supports enjoining Defendants' activities.

20. The Funds have diligently requested Defendant L.V. Painting to submit contribution reports and pay contributions in a timely manner and to otherwise comply with its obligations so as not to impair the rights of the Funds and their participants and beneficiaries, but said Defendant continues to violate its contractual and statutory obligations to the detriment of the Funds and their participants and beneficiaries.

21. Under Section 502 of ERISA, 29 U.S.C. §1132, when the trustees of multiemployer fringe benefit funds obtain a judgment in favor of the funds in litigation to collect unpaid contributions, the Court shall award the greater of interest or liquidated damages provided for by the funds, in an amount not to exceed twenty percent of the unpaid contributions.

22. Under Section 502 of ERISA, 29 U.S.C. §1132, when the trustees of multiemployer fringe benefit funds obtain a judgment in favor of the funds in litigation to collect unpaid contributions, "the court shall award . . . reasonable attorney fees and costs of the action, to be paid by the defendant", as well as interest on the unpaid contributions pursuant to statute.

23. Defendants may have engaged in a pattern of fraud to avoid paying required fringe benefit contributions to the Funds, and engaged in misconduct which includes converting money paid to Defendant L.V. Painting for the purpose of paying fringe benefit contributions to the Funds, retaining money required to be held in trust

under the Michigan Builders Trust Fund Act, M.C.L.A. §§ 570.151-53 for the benefit of said Defendant's employees, withholding money from employee wages for transfer to the Funds but failing to do so, failing to submit monthly reports containing information about work performed by the employees of said Defendant and intentionally engaging in a scheme to deprive the Funds of money owing to them.

24. As officer, owner and person who makes decisions with respect to the business entity's compliance with their obligations to the Funds, and who operates the business entity as alter ego of himself for his benefit, special circumstances exist to dictate that Defendant Scott maintains responsibility for the business entity's compliance with its obligations to the Funds, on the basis that said Defendant is an alter ego of the business entity, and that said Defendant with fraudulent intent improperly diverted money which the business entity and any other entity composing Defendant L.V. Painting was required to hold in trust for payment of fringe benefit contributions to the Funds under the Michigan Builders Trust Fund Act, M.C.L.A. §§570.151-53, 29 C.F.R. §2510.3-102 and ERISA, exclusive of other reasons which may independently dictate that the individual Defendant maintains responsibility for the business entity's compliance with their obligations to the Funds.

25. On information and belief, Defendant Scott is a fiduciary of the Funds as a result of his exercise of authority or control over unpaid fringe benefit contributions that constitute assets of the Funds. On information and belief, said Defendant breached his fiduciary duties to the Funds by electing to use money within his authority or control for purposes other than paying required fringe benefit contributions to the Funds.

26. The Defendants have failed and refused to pay the sums owed, submit required reports and otherwise comply with the provisions of the collective bargaining agreement, relating to the payment of fringe benefit contributions and required audits.

WHEREFORE, Plaintiff prays:

A. That this Court order Defendant L.V. Painting & Contracting, Inc., to submit the required monthly reports for the period of June 2015 through August 2015 and that said Defendant be ordered to produce its books and records for an audit by Plaintiff.

B. That this Court enter judgment against Defendants and in favor of Plaintiff, jointly and severally, in the amounts that are determined to be the correct amounts owing by Defendants, as disclosed by the required monthly reports, including applicable contributions, plus interest for the delinquent contributions, liquidated damages, costs and attorney fees incurred by Plaintiff in the preparation, institution and prosecution of this proceeding;

C. That this Court decree specific performance of the trust provision and collective bargaining agreement obligations of Defendants, specifically including, but not limited to, a payroll audit of the above referenced books and records by Plaintiff;

D. That this Court enter Judgment against Defendants and in favor of Plaintiff, jointly and severally, in the amount of $14,632.99, plus interest for the delinquent contributions, liquidated damages, costs and attorney fees incurred by Plaintiff in the preparation, institution and prosecution of this proceeding;

E. That this Court grant such other and further relief as may be deemed appropriate.

                    FINKEL WHITEFIELD SELIK

                    /s/ Mark Merlanti

                    _____
                    RICHARD M. SELIK (P24276)
                    MARK MERLANTI (P35804)
                    Attorneys for Plaintiff
                    32300 Northwestern, Suite 200
                    Farmington Hills, MI 48334-1567
                    (248) 855-6500
                    mmerlanti@fwslaw.com

Dated:   October 20, 2015

S:\61025.425\COMPLAINT 2015.DOCX